Filed 6/21/24  In re Katie M. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re KATIE M. et al., Persons Coming Under the Juvenile Court Law. | B326048 (Los Angeles County Super. Ct. No. 22CCJP03310) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>MARTA P.,<br><br>        Defendant and Appellant. | |

        APPEAL from an order of the Superior Court of Los Angeles County, Charles Q. Clay, Judge.  Dismissed as moot.

Thomas R. O'Brien, under appointment by the Court of Appeal, for Defendant and Appellant Marta P.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel and Jacklyn K. Louie, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

Marta P. (Mother) appeals from the jurisdiction findings and disposition order declaring 13-year-old Katie M. and five-year-old Dylan M. dependents of the juvenile court under Welfare and Institutions Code section 300, subdivision (a), and former subdivision (b)(1),[1] after the court sustained allegations that the children were at substantial risk of serious harm because Mother and Medardo M. (Father) engaged in domestic violence, including an incident in July 2022 when Father punched Mother in the face.

On August 29, 2023, during the pendency of the appeal, the juvenile court terminated jurisdiction and entered a juvenile custody order granting Mother and Father joint legal and physical custody of the children. Because we cannot provide Mother any effective relief, we dismiss the appeal as moot.

_____

[1]     The Legislature amended section 300, effective January 1, 2023, in part by revising subdivision (b)(1) to specify in separate subparagraphs ways in which a child may come within the jurisdiction of the juvenile court due to the failure or inability of the child's parent or guardian to adequately supervise or care for the child. Further undesignated statutory references are to the Welfare and Institutions Code.

2

## FACTUAL AND PROCEDURAL BACKGROUND

On August 23, 2022 the Los Angeles County Department of Children and Family Services (Department) filed a non-detain petition under section 300, subdivision (a), and former subdivision (b)(1). The Department alleged under subdivision (a) that Mother and Father had a history of engaging in violent altercations, and on July 4, 2022 Father punched Mother in the face in front of Katie. The petition further alleged under former subdivision (b)(1) that Mother failed to protect the children by allowing Father to reside in the home and have unlimited access to the children.

In interviews with the Department social worker, Mother explained she had been watching fireworks outside her home on July 4, 2022 when Father arrived home from work. Mother and Father began to argue, and Father punched Mother in the face. Mother filed a police report on July 12. She told police there had been four prior unreported domestic violence incidents with Father. She also stated she had not reported the incident earlier because Father was threatening to take her children away from her.

Mother's story changed during the course of the Department's investigation. She initially told the Department the children were inside the house during the incident and did not see Father hit her. However, she later admitted Katie had seen the incident and explained she could not be honest during her first interview with the social worker because Katie was listening and would tell her Father what Mother said. Mother explained Father controlled her actions—she could not drive, did not have any control of her finances, and did not have access to

3

her identification papers.  In addition, Father monitored her telephone calls.  Father's adult daughter, Cindy M., and Katie reported Mother's actions to Father.  Once the Department became involved, Father told Mother that if she did not deny he had abused her, he would take the children away from her.

The Department interviewed Mother's cousin Rosa S., who corroborated Mother's account.  Rosa said Father was controlling and abusive and Mother's statements were coached by Father and Cindy.  She claimed Father monitored Mother's movements by tracking her cell phone and Katie reported Mother's behavior to Father.  Rosa had accompanied Mother to the police station to file the police report on July 12, and Cindy must have tracked Mother's phone because Cindy later asked Mother why she had been at the police station.  Further, while Rosa was waiting outside the courtroom for the detention hearing to begin, she heard Father tell Mother to "be careful as to what you are going to say."

Father denied hitting Mother.  He stated that "nothing happened besides simple family issues that happen all the time." He claimed he and Mother were on good terms and "everything is perfectly fine."

At the October 18, 2022 jurisdiction and disposition hearing, the juvenile court sustained the allegations in both counts of the dependency petition as to Mother and Father and declared Katie and Dylan dependents of the juvenile court.[2]  The

---

[2]     Under section 300, subdivision (a), the juvenile court may adjudge a child to be a dependent of the juvenile court if "[t]he child has suffered, or there is a substantial risk that the child will suffer, serious physical harm inflicted nonaccidentally upon the child by the child's parent or guardian."  (See *In re Cole L.* (2021)

4

court allowed the children to remain in their parents' care under the Department's supervision on the condition that Father reside in the guest house on the family's property. The court also entered a temporary restraining order preventing Father from coming within 100 yards of Mother other than when he was coming to, going from, or in the guest house.[3] The court ordered Father to attend a 52-week domestic violence counseling program and Mother to participate in domestic violence support groups. The court ordered Mother and Father to participate in parenting classes and individual counseling. Mother timely appealed.

At the July 21, 2023 review hearing (§ 364), the juvenile court terminated jurisdiction over the children, and on August 29, 2023 the court entered a juvenile custody order granting Mother and Father joint legal and physical custody of Katie and Dylan.[4]

---

70 Cal.App.5th 591, 603 ["a finding under section 300, subdivision (a), requires evidence of a risk of physical injury 'inflicted nonaccidentally upon the child'"].) It is not clear from the record why the juvenile court sustained the allegation under section 300, subdivision (a), with respect to Mother as an offending party, given that the allegation was principally based on Father's July 2022 physical abuse of Mother. At the jurisdiction hearing Mother argued she was a non-offending parent and should be dismissed from the petition, but she did not focus on the allegation under section 300, subdivision (a).

[3] On March 21, 2023, after a hearing, the juvenile court issued a permanent restraining order against Father that expires on March 21, 2026.

[4] On October 30, 2023 we granted Mother's request to take judicial notice of the final custody orders. On our own motion we

**DISCUSSION**

A.      *Mootness and Dependency Appeals*

"A court is tasked with the duty "'to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"'" (*In re D.P.* (2023) 14 Cal.5th 266, 276 (*D.P.*).)  "A case becomes moot when events "'render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant [the plaintiff] any effect[ive] relief.'" [Citation.]  For relief to be 'effective,' two requirements must be met.  First, the plaintiff must complain of an ongoing harm.  Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks." (*Ibid.*)  In other words, "relief is effective when it 'can have a practical, tangible impact on the parties' conduct or legal status.' [Citation.]  It follows that, to show a need for effective relief, the plaintiff must first demonstrate that he or she has suffered from a change in legal status." (*Id.* at p. 277.)  "Although a jurisdictional finding that a parent engaged in abuse or neglect of a child is generally stigmatizing, complaining of 'stigma' alone is insufficient to sustain an appeal.  The stigma must be paired with some effect on the plaintiff's legal status that is capable of being redressed by a favorable court decision." (*Ibid.*)

Even where an appeal is moot, however, "courts may exercise their 'inherent discretion' to reach the merits of the dispute." (*D.P., supra*, 14 Cal.5th at p. 282.)  As the Supreme

---

also take judicial notice of the March 21 and July 21, 2023 minute orders.  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

Court explained in *D.P.*, reviewing courts will generally exercise their discretion when the case presents an issue of broad public interest that is likely to recur, there may be a recurrence of the controversy between the parties, or a material question remains for the court to determine. (*Ibid.*) The court also identified additional factors reviewing courts may evaluate when considering whether to exercise their discretion to decide a moot case, including whether a challenged jurisdiction finding could impact current or future dependency proceedings, and the nature of the allegations against the parent (with more egregious findings showing a parent's greater interest in challenging the findings). (*Id.* at pp. 285-286.) In addition, courts may consider why the appeal became moot; for example, principles of fairness may favor discretionary review of cases rendered moot "by the prompt compliance or otherwise laudable behavior of the parent challenging the jurisdictional finding on appeal." (*Id.* at p. 286.) "It would perversely incentivize noncompliance if mootness doctrine resulted in the availability of appeals from jurisdictional findings only for parents who are less compliant or for whom the court has issued additional orders." (*Ibid.*)

B.  *Termination of the Juvenile Court's Jurisdiction Moots Mother's Appeal*

Mother's appeal challenges only the jurisdiction findings made by the juvenile court. She does not challenge the disposition order, nor has she appealed the court's order terminating jurisdiction. Because the court no longer has jurisdiction over Katie and Dylan or the ability to conduct further hearings in the now-closed case, we can provide no effective relief—that is, relief that "'can have a practical, tangible impact

7

on the partis' conduct or legal status.'"[5] (*D.P., supra*, 14 Cal.5th at p. 277; see *In re Rashad D.* (2021) 63 Cal.App.5th 156, 163 ["[a]n order terminating juvenile court jurisdiction generally renders an appeal from an earlier order moot"].)

Mother contends her appeal is not moot because the juvenile court's findings under section 300, subdivision (a), could subject her to inclusion in the Child Abuse Central Index (CACI). (See Pen. Code, § 11169, subd. (a) [providing designated agencies, including the Department, "shall forward to the Department of Justice a report in writing of every case it investigates of known or suspected child abuse or severe neglect that is determined to be substantiated, other than cases coming within subdivision (b) of Section 11165.2," which defines "'[g]eneral neglect'"].)

Mother's claim is speculative. Had the Department reported Mother to the Department of Justice for inclusion on the CACI, it would have been required to provide her with notice of

---

[5]     Even if Mother's appeal were not moot due to the juvenile court's termination of jurisdiction, it would be moot (not justiciable) based on Father's failure to appeal the jurisdiction findings against him, which provide a sufficient and independent basis for affirming dependency jurisdiction over the children regardless of any alleged error in the findings against Mother. (See *In re Briana V.* (2015) 236 Cal.App.4th 297, 309 ["we need not address jurisdictional findings involving one parent where there are unchallenged findings involving the other parent"]; *In re I.A.* (2011) 201 Cal.App.4th 1484, 1492, ["a jurisdictional finding involving one parent is "good against both. . . . [T]he minor is a dependent if the actions of either parent bring [him] within one of the statutory definitions of a dependent""]; see also *D.P., supra*, 14 Cal.5th at pp. 283-284 ["where there are multiple findings against one parent[,] the validity of one finding may render moot the parent's attempt to challenge the others"].)

the report.  (See *D.P.*, *supra*, 14 Cal.5th at p. 279; *In re C.F.* (2011) 198 Cal.App.4th 454, 462 ["[t]he reporting agency must notify the known or suspected child abuser that he or she has been reported to the CACI"]; see also Pen. Code, § 11169, subd. (c).)  Mother does not claim she has received notification of such a report, and in her reply brief she concedes it is possible the Department did not make a report.  Absent evidence in the record that the Department submitted a report, Mother's claim is "too speculative to survive a mootness challenge."  (*D.P.*, at p. 280 [rejecting Father's argument appeal was not moot because challenged jurisdiction finding could result in inclusion in the CACI].)

Mother alternatively requests that we exercise our discretion to hear the merits of her appeal because the jurisdiction findings may result in prejudice in a future dependency or family law proceeding or have a negative impact on her employment or immigration status.  This is precisely the type of speculative future harm the Supreme Court has held is insufficient to avoid mootness.  (*D.P., supra*, 14 Cal.5th at pp. 277-278.)  Moreover, in any future dependency or family law proceeding, Mother will be able to demonstrate she was not alleged to be the perpetrator of domestic violence (and was only alleged with respect to the July 2022 incident to have failed to protect the children), she was the protected party in the restraining order, and the juvenile court never detained the children from her in this case.

## DISPOSITION

The appeal is dismissed as moot.


                                                   FEUER, J.

We concur:


MARTINEZ, P. J.


SEGAL, J.